UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MAURICE BRACK, | : |
| Petitioner, | : Civil No. 21-4916 (CCC) |
| v. | : **OPINION** |
| STATE OF NEW JERSEY, | : |
| Respondent. | : |

**CECCHI, District Judge**

Petitioner Maurice Brack, proceeding pro se, is an inmate serving a sentence imposed by the Superior Court of New Jersey, Law Division, Union County, at ASPC-Eyman, Browning Unit, in Florence, Arizona, pursuant to the Interstate Corrections Compact (the "ICC").[1] Brack petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 3. The State moves to dismiss the petition as untimely. ECF No. 15. For the reasons below, the motion is granted, Brack's petition is dismissed, and no certificate of appealability shall issue.

**I.    BACKGROUND**

On October 4, 2010, a jury convicted Brack of first-degree murder arising out of his participation in the gang-related murder of Rhykime Richardson.[2] ECF No. 15-4 (judgment). *State*

---

[1] The ICC is an agreement between states, enacted by statute in each participating state, that authorizes the transfer of one State's prisoner to another State's prison. *Ivester v. Sweeny*, No. CV1916559FLWDEA, 2022 WL 17733676, at *9 (D.N.J. Dec. 16, 2022) (citing N.J.S.A. 30:7C–1 through–12). "The purpose of this compact is to provide for the mutual development and execution of such programs of cooperation for the confinement, treatment and rehabilitation of offenders with the most economical use of human and material resources." N.J.S.A. 30:7C–2.

[2] In retaliation for an altercation with another individual, Richardson was chased by a large crowd to a parking lot, where he was violently beaten to death. *State v. Brack*, No. A-5479-10T3, 2014 N.J. Super. Unpub. LEXIS 2491, at *1 (Super. Ct. App. Div. Oct. 22, 2014); *State v. Brack*, No. A-4224-16T4, 2018 N.J. Super. Unpub. LEXIS 2800, at *5–6 (Super. Ct. App. Div. Dec. 21, 2018) (per curiam). Brack caught up to him first and "prevented him from moving, while beating, stabbing, and 'stomping him out.'" *Id*.

*v. Brack*, No. A-4224-16T4, 2018 N.J. Super. Unpub. LEXIS 2800, at *3–6 (Super. Ct. App. Div. Dec. 21, 2018) (per curiam). Brack was sentenced to 34 years' imprisonment with a 30-year parole disqualifier. ECF No. 15-4. The Superior Court of New Jersey, Appellate Division, affirmed his conviction and sentence on October 22, 2014. *State v. Brack*, No. A-5479-10T3, 2014 N.J. Super. Unpub. LEXIS 2491, at *1 (Super. Ct. App. Div. Oct. 22, 2014); ECF No. 15-5. Certification was denied on April 30, 2015. *State v. Brack*, 221 N.J. 287, 112 A.3d 593 (2015); ECF No. 15-6. Brack did not seek certiorari from the United States Supreme Court.

Brack filed a post-conviction-relief ("PCR") petition on July 15, 2015, *Brack*, 2018 N.J. Super. Unpub. LEXIS 2800, at *4; ECF No. 15-7, which was denied on February 22, 2017. ECF No. 15-8. Brack did not file a timely notice of appeal, but moved to file his notice of appeal as within time on June 8, 2017. ECF No. 15-9. The Appellate Division granted the motion on July 10, 2017, *id.* at 3, and affirmed the PCR court's denial of the petition on December 21, 2018, *Brack*, 2018 N.J. Super. Unpub. LEXIS 2800, at *5–6; ECF No. 15-10. Brack petitioned for certification on January 11, 2019, ECF No. 15-11, which was denied on June 21, 2019. *State v. Brack*, 238 N.J. 459, 212 A.3d 436 (2019). ECF No 15-12. On September 16, 2019, Brack petitioned the Supreme Court for a writ of certiorari. ECF No. 15-13. The petition was denied on May 26, 2020. *Brack v. New Jersey*, 140 S. Ct. 2810 (2020).

Brack placed his initial habeas petition into the prison mailing system on March 4, 2021, ECF No. 1 at 42, and it was filed on March 11, 2021, ECF No. 1. The Court administratively terminated the petition because Brack did not file it on the required form. ECF No. 2 (citing L. Civ. R. 82.2). He then refiled the petition on the proper form (ECF No. 3), and the Court ordered

---

Richardson "died from blunt force trauma to his head and from stab wounds that punctured his lung and caused a 'torrential' amount of blood to fill his lung. . . ." *Id.* at *6. Brack, who was 14 when the crime was committed, was tried as an adult. *Id.* at 4 ("Following a probable cause hearing on August 14, 2008, a prior judge waived jurisdiction from the Family Division to the Law Division.").

2

the State to either answer or move to dismiss (ECF No. 6). On November 21, 2022, the State moved to dismiss, arguing that the petition is untimely because it was not filed within the one-year time limitation of 28 U.S.C. § 2244(d). ECF No. 15. On December 13, 2022, Brack filed his opposition.

## II.     DISCUSSION

The statute of limitations for habeas corpus petitions brought pursuant to 28 U.S.C. § 2254 is governed by 28 U.S.C. § 2244, which provides that such petitions must be filed within one year of the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" includes the 90-day period in which a petitioner could have but did not file a petition for certiorari with the United States Supreme Court. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled during the pendency of properly filed applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) ("[T]o fall within the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] tolling provision, the petition for state post-conviction review must have been both pending and 'properly filed.'") (citation omitted). A PCR application is considered

"pending" during the period between a lower state court's denial of the petition and the deadline for a petitioner to timely appeal that decision, regardless of whether the appeal was actually filed. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). It is not, however, "pending" during the period between "the expiration of time under state law in which a state prisoner could have timely appealed (but did not) a trial court's denial of a PCR petition," and "a state prisoner's submission of a motion for leave to file a PCR appeal 'as within time.'" *Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 264 (3d Cir. 2022). "Section 2244(d)(2)'s tolling mechanism looks forward, not backward, and a state court's acceptance of an appeal 'as within time' does not rewind AEDPA's one-year clock." *Id.*; *see also Georges v. Bartkowski*, No. CV 10-6300, 2021 WL 4902021, at *3 (D.N.J. Oct. 21, 2021) ("[T]hat a late notice of appeal is accepted *nunc pro tunc* does nothing to correct the fact that no state court PCR petition was 'pending' during the intervening time and thus does not grant the petition statutory tolling which otherwise does not apply."). Further, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, the New Jersey Supreme Court denied Brack's petition for certification on direct review on April 30, 2015. ECF No. 15-6. Thus, his conviction became final for purposes of the one-year limitations period 90 days later, on July 29, 2015, when his time to petition the United States Supreme Court for certiorari expired. *Ross*, 712 F.3d at 798; 28 U.S.C. § 2244(d)(1)(A). This is when the clock began to run on the time for filing a habeas petition. However, time was immediately tolled because Brack filed his PCR petition on July 15, 2015—before the 90-day

4

period to petition for certiorari had expired. ECF No. 15-7. Thus, at this point, no time had elapsed from the one-year limitations period.

The PCR court denied Brack's PCR petition on February 22, 2017. ECF No. 15-8. Brack's notice of appeal was due 47 days later, i.e., by Monday, April 10, 2017 (the 45th day was a Saturday, April 8). *See Georges v. Bartkowski*, No. CV 10-6300, 2021 WL 4902021, at *2 (D.N.J. Oct. 21, 2021) ("In New Jersey, a notice of appeal for the denial of a PCR petition is due within forty-five days of the date on which the PCR petition was denied.") (citing N.J. Ct. R. 2:4-1). But Brack did not file it then; instead, he filed an "as within time" notice of appeal almost two months later, on June 8, 2017. ECF No. 15-9. The Appellate Division accepted the notice "as within time," but, as noted above, that acceptance has no bearing on the limitations calculation. *See Martin*, 23 F.4th at 264 ("While it is true that a state court's acceptance of an untimely appeal breathes new life into the state PCR proceeding . . . it does not resuscitate the PCR petition for the period in which it was, for all practical purposes, defunct."); *Georges*, 2021 WL 4902021, at *2 ("where a New Jersey prisoner fails to file a timely notice of appeal under New Jersey's forty-five (45) day rule, his petition remains pending for the forty-five (45) days during which he could have filed a timely appeal from the denial of his PCR petition, but is not 'pending' for tolling purposes between the expiration of the forty-five day period and his filing of late notice of appeal") (citing *Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Swartz v. Meyers*, 204 F.3d 417, 420–24, 423 n.6 (3d Cir. 2000); *Thompson v. Admin. N.J. State Prison*, 701 F. App'x 118, 121–123 (3d Cir. 2017)). Accordingly, the limitations period ran for 58 days, i.e., from April 11, 2017 (the day after the notice of appeal should have been filed) until June 8, 2017 (when it was filed). ECF No. 15-9.

The Appellate Division affirmed the PCR court on December 21, 2018, ECF No. 15-10, and Brack petitioned for certification within 30 days, *see* N.J. Ct. R. 2:12-7(b), on January 11,

5

2019, ECF No. 15-11. The New Jersey Supreme Court denied certification on the PCR petition on June 21, 2019, ECF No. 15-12, after which the clock on the limitations period began to run again.

Brack filed a petition for certiorari in the U.S. Supreme Court on September 16, 2019, ECF No. 15-13, which was denied on May 26, 2020, *Brack*, 140 S. Ct. 2810. But the time during which this petition was pending does not toll the time to file a § 2254 petition. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (the filing of a petition for certiorari with the United States Supreme Court seeking review of a state court's denial of post-conviction relief does not toll the one-year limitations period for seeking habeas relief). Thus, another 621 days elapsed, i.e., from June 22, 2019 (the day after certification was denied on the PCR petition) until March 4, 2021 (when Brack placed his initial habeas petition in the prison's mail system). ECF No. 1 at 42. At this point, the clock had run for 679 days (the 58 extra days Brack took to appeal the denial of his PCR petition, plus the 621 days between the New Jersey Supreme Court's denial of certification on the PCR petition and the day Brack placed his petition in the prison mail system), and the one-year limitations period had expired 314 days earlier. Absent equitable tolling, therefore, Brack's habeas petition is untimely.

The statute of limitations is non-jurisdictional and thus can be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645–649 (2010). But district courts "should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).

As to diligence, "reasonable diligence" is required, but "not maximum, extreme, or exceptional diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava*, 398 F.3d at 277. "A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case. The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799–800 (internal citations omitted).

Extraordinary circumstances may be found where the petitioner: (1) has been actively misled, (2) has in some extraordinary way been prevented from asserting his rights, or (3) has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citation omitted). The requisite degree of extraordinariness turns on "'how severe an obstacle it is for the prisoner endeavoring to comply with the AEDPA's limitations period.'" *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011) (citing *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted); *see also Chang-Cruz v. Hendricks*, No. 12-7167, 2013 WL 5966420, at *7–8 (D.N.J. Nov. 7, 2013) (petitioner's argument that he or she lacks legal knowledge, "at least standing alone, cannot support equitable tolling of the AEDPA statute of limitations").

The State asserts that there are no circumstances warranting a finding of equitable tolling because Brack "has demonstrated that he is capable of conducting research, as well as advocating and filing documents on his own behalf." ECF No. 15-1 at 11.

Brack responds that his petition should not be dismissed as untimely because he "was not aware of days not being considered equitable tolling during his [pending] certiorari." ECF No. 17 at 4. Brack asserts that he has been unable to conduct legal research because, due to his placement "on an interstate compact in Arizona state since October 2017" and his "max custody" status, he has not been allowed "physical access" to a law library; instead, he only has access to a "resource library." *Id.* at 4–5. He further argues that he "should not be held to the same standard as a practicing attorney because there will undoubtedly be certain areas of law [he] is not competent to, such as the one the State pointed out [in its motion to dismiss]." ECF No. 17 at 5. Brack also asserts that equitable tolling should apply because, given that he is seeking a resentencing and not a new trial, the State has not been prejudiced. ECF No. 17 at 9.

Applying the standards above, the Court finds that Brack has not established extraordinary circumstances sufficient to justify equitable tolling. First, the law is clear that mistakes in miscalculating the filing deadline and ignorance of the law do not rise to the level of extraordinary circumstances. *See Jenkins*, 705 F.3d at 90 n.16 ("garden variety claims of excusable neglect" such as "miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling") (citation omitted); *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999) (equitable tolling not applicable where basis for untimely filing was petitioner's misunderstanding of AEDPA's statute of limitations); *School Dist. of Allentown v. Marshall*, 657 F.2d 16, 21 (3d Cir. 1981) ("[i]gnorance of the law is not enough to invoke equitable tolling"); *Thompson v. Garman*, No. CV 19-6210, 2020 WL 10056353, at *2 (E.D. Pa. Aug. 28, 2020) ("Even if Thompson were to argue that his untimely habeas should be excused because he did not know the limitations period would not be tolled during the 90-day period when he could have sought certiorari from the United States Supreme Court, such

8

ignorance of the law is insufficient to invoke equitable tolling."), *report and recommendation adopted*, 2021 WL 1976505 (E.D. Pa. May 18, 2021). This is true even when a petitioner, like Brack, is proceeding pro se. *See Ross*, 712 F.3d at 799–800 ("The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling."); *Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010) ("[T]he doctrine of equitable tolling does not permit . . . tolling whenever a petitioner must face the daunting procedural obstacles to obtaining habeas review without the assistance of counsel."); *Wright v. New Jersey*, No 17-3584, 2018 WL 2059554, at *3 (D.N.J. May 3, 2018) ("The desire to avoid proceeding pro se is not a severe filing impediment justifying equitable tolling.").

Second, Brack's assertion that he lacked access to a law library does not justify equitable tolling under the circumstances he presents. The letters attached to his opposition brief demonstrate that he had access to legal materials. While he may not have been permitted physical access to a law library due to his maximum custody status, those letters make clear that he was able to access legal materials upon request. *See* ECF No. 17-1 at 3 (6/14/2018 "Inmate Letter Response" to Brack from a librarian advising that "SMUI is a Legal Resource Library and not a Law Library"; providing the address of the "Superior Court Law Library" in Phoenix, Arizona; and advising that the library "will NOT do research, so send as much information as possible"); *id.* at 5 (5/3/2022 Inmate Letter Response to Brack from a librarian advising that the Library does not carry the form he requested, and listing the available "Court Forms Packets," including "Federal Petition for Writ of Habeas Corpus by a Person in State Custody Forms Packet"); *id.* at 15 (11/16/2018 letter from a N.J. Department of Corrections ("NJDOC") Supervising Administrative Analyst (1) advising Brack that "regarding your interstate placement in Arizona," "[a]ccess to New Jersey case law and

statutes are provided for in the contract"; and (2) requesting that Brack "[p]lease advise me of the information that you require and I will forward"); *id.* at 17 (4/8/2020 letter to Brack from a NJDOC Classification Officer 3, Office of Interstate Services, stating: "Enclosed herein please find the case law you requested. . . . [C]ase law you requested without citing the appropriate case name[] could not be forwarded. Please provide the specific cases you are looking for.").

The Court is not unsympathetic to Brack's position; however, his mistaken belief that the certiorari petition would toll the limitations period simply does not amount to extraordinary circumstances. Rather, it is "a garden variety claim of excusable neglect [that] does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (internal citation and quotation marks omitted); *see also Wright v. New Jersey*, No. CV 17-3584, 2018 WL 2059554, at *4 (D.N.J. May 3, 2018) ("Courts in this District have barred litigants when they missed filing deadlines by one day. . . . 'Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere.'") (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). In short, Brack has not demonstrated that this case presents the "rare situation" allowing for equitable tolling. *LaCava*, 398 F.3d at 275. As Brack filed his habeas petition more than 10 months after the expiration of the one-year limitations period and he has provided no basis for equitable tolling, his petition must be dismissed as untimely. The State's motion to dismiss will be granted.

## IV.    Certificate of Appealability

An appeal may not be taken from a final order in a § 2254 proceeding unless a judge or circuit justice issues a certificate of appealability upon finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1) & (2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district

10

court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. The Court will deny a certificate of appealability because jurists of reason would not find it debatable that this petition is untimely.

## V.   CONCLUSION

For the reasons stated above, the State's motion to dismiss (ECF No. 15) is granted, Brack's petition (ECF No. 3) is dismissed, and a certificate of appealability is denied. An appropriate order follows.

DATED:  April 3, 2023

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**